[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action instituted by the applicants, Elizabeth Mitchell Fink and Jessie Fink seeking to discharge two mechanic's liens which were filed on their property located at 51 Graenest Ridge Road, Wilton Connecticut. One lien was filed by the respondent Donald W. Olson on or about April 30, 1996 in the amount of $58,936.50. The second mechanic's lien was filed by the respondent Franklin Electric, Inc. in the amount $15,706.00.
The applicants have filed a memorandum of law in support of their application to discharge the mechanics' liens. The court will treat this memorandum in support of the application as a motion seeking summary judgment under § 378 et. seq of the Practice Book. Under § 384 of the Practice Book, judgment shall be rendered forthwith if the pleadings, affidavits and any other information submitted show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The submissions by the parties provide the following facts and allegations.
The applicants are the record owners of real property located at 51 Graenest Ridge Road in Wilton, Connecticut. The respondent Donald Olson is a general contractor. The applicants and Donald Olson entered into a written agreement on July 7, 1995 under which Donald Olson agreed to perform certain remodeling work for the applicants on this property. The respondent, Franklin Electric, Inc., was a subcontractor retained by Olson.
The plaintiffs claim that the defendants cannot maintain any action on their mechanic's liens, and therefore, the mechanic's liens should be dissolved. The applicants base this argument on the contention that the contract between the applicants and Olson fail to comply with the Home Improvement Act. C.G.S. § 20-419. This failure of the contract is caused by the contract's failure to provide a provision advising the applicants of their right to cancel the contract.
There is no dispute that the contract fails to provide this notice of cancellation and thus fails to satisfy Section 20-419
CT Page 10026 (a)(6) of the General Statutes. In the absence of bad faith on the part of a homeowner, a home improvement contract that fails to comply with the Home Improvement Act is invalid and unenforceable. The contractor under any such agreement is precluded from making any claim for payment either under the contract terms or on any equitable or quasi contractual basis.
However, Olson has in fact alleged that the applicants here acted in bad faith. Olson alleges that the parties were represented by counsel when the contract was drafted; that the applicants' attorney drafted part of the contract; that sometime after the signing of the contract and after substantial work had been performed, the applicants told Olson that the contract was unenforceable. On the basis of these allegations Olson further alleges that the applicants knew about the contract's deficiency under the Home Improvement Act, but nevertheless proceeded with the contract with the intent to use this deficiency to avoid their obligations under the contract. The applicants' reliance onWadia Enterprises, Inc. v. Hirshfeld, 224 Conn. 240 (1992), is understandable, but nevertheless misplaced. In that case the Court granted summary judgment when the facts submitted by the contractor failed to indicate a dishonest purpose or an intent to mislead or deceive on the part of the home owner. Id. at 247-249. This court cannot reach that conclusion here. Therefore as to the mechanic's liens filed by Olson the Court concludes that genuine issues of material fact are raised which preclude summary disposition of this case on the present record.
Olson also alleges that part of the contract involved the construction of a business office. This part of the contract would not be within the purview of the Home Improvement Act. A home improvement under the Act is defined to include construction work on a building "or that portion thereof" "which is used or designed to be used" as a "private residence". Except for residential rental property, services furnished for commercial or business uses are outside the scope of the Act. C.G.S. § 20-419 (4), (10).
As to the applicants' request to discharge the mechanic's lien of the respondent Franklin Electric, Inc. this request is also denied on the present record. Franklin Electric, Inc. was a subcontractor, and as such was not required to enter into a contract with the homeowners as contemplated under the Home Improvement Act. This is the explicit holding reached by Judge Fuller in Baxter v. Quoka, 1 Conn. Law Rptr. 817 (1990). Judge CT Page 10027 Fuller's reasoning is persuasive and is adopted by the Court in this case.
Thus, the applicant's motion to discharge the mechanic's liens on the instant record is denied.
Dated this 19th day of November, 1996
STEVENS, JUDGE