[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11787 RE: MOTION FOR SUMMARY JUDGMENT (#114)
The plaintiff, Alfonso Cammarota, filed a two-count revised complaint against the defendant, Gerardo Capozza. The plaintiff alleges in count one that in January of 1996 he performed tile work and related renovations to the defendant's residence for which he has not been paid. The plaintiff was not a registered home improvement contractor at the time of the renovations, but the plaintiff alleges that the failure to be registered and the absence of a written home improvement contract does not bar recovery because the defendant acted in bad faith in asserting the protections of the home improvement act. The plaintiff alleges in count two that he was not paid due to defendant's animus against the area of Italy where the plaintiff was born. The plaintiff alleges that this constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA)
The defendant filed a motion for summary judgment as to both counts of the revised complaint, arguing that the bad faith exception to the homeowner's act is not applicable, and that the plaintiffs allegations concerning discrimination based on the area of Italy in which the plaintiff was born is not the type of conduct to which CUTPA is applicable. The plaintiff filed a memorandum in opposition to the motion for summary judgment, arguing that whether the defendant acted in bad faith and discriminated against the plaintiff based on the fact that he was born in Naples, Italy are questions of fact.
"Practice Book § 384 [now Practice Book (1998 Rev) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 380-81, ___ A.2d ___(1998). CT Page 11788
"[P]roof of a homeowner's bad faith will preclude that homeowner from repudiating with impunity a home improvement contract that violates the act. We defined bad faith as involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive . . . In other words, `[b]ad faith means more than mere negligence; it involves a dishonest purpose'" (Citation omitted; internal quotation marks omitted.) Wadia Enterprises Inc. v.Hirschfeld, 224 Conn. 240, 247-48, 618 A.2d 506 (1992).
"[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Id, 250. See also Habetz v. Condon, 224 Conn. 231, 237, n.ll, 618 A.2d 501 (1992) ("It is the burden of the party asserting the lack of good faith to establish its existence and whether that burden has been satisfied in a particular case is a question of fact").
The plaintiff has alleged sufficient facts in the revised complaint to form a factual basis to raise the bad faith exception to the home improvement act (Revised Complaint, Count One, ¶ 2(A)-(D) Similar facts are averred to by the plaintiff in his affidavit accompanying the memorandum in opposition to the motion for summary judgment. (Affidavit of Alfonso Cammarota, ¶¶ 2-5, 9-10). Therefore, the plaintiff has raised a genuine issue of material fact regarding bad faith. See, e.g., Fink v.Olson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335948 (November 19, 1996) (Stevens, J.) (18 Conn. L. Rptr. 259, 259-60) (motion for summary judgment denied because allegations of bad faith on part of homeowner raised genuine issues of fact; allegations included that homeowner knew of contract's deficiency under home improvement act but proceeded while intending to use deficiencies to avoid contract). In addition, because the claims made in count two of the revised complaint under CUTPA derive from the bad faith allegations in count one, the defendant's motion for summary judgment as to count two is denied.
RODRIGUEZ, J CT Page 11789